IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jimmy Duncan,  ) | Civil Action No.:2:14-cv-04048-RMG-MGB |
| ) | |
| Petitioner,  ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v.  ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Warden, Allendale Correctional  ) | |
| Institution,  ) | |
| ) | |
| Respondent.  ) | |
| ) | |

Petitioner Jimmy Duncan ("Petitioner" or "Duncan") seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court upon the following motions: (a) Respondent's Supplemental Motion for Summary Judgment (Dkt. No. 42); (b) Respondent's first Motion for Summary Judgment (Dkt. No. 25); (c) Petitioner's Motion for Summary Judgment (Dkt. No. 18); (d) Petitioner's Motion "for the Enforcement/Modification as an Supplemental Injunction by Supporting Affidavit" (Dkt. No. 19); and (e) Motion entitled "Prior Bad Acts and Motion to this Court Entering Summary Judgment and Holding Respondent for Contempt" (Dkt. No. 31).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought the instant habeas action on October 10, 2014. (*See* Dkt. No. 1.) In December of 2014, Petitioner filed a Motion for Summary Judgment as well as a Motion "for the Enforcement/Modification as an Supplemental Injunction by Supporting Affidavit." (Dkt. No. 18; Dkt. No. 19.) On January 12, 2015, Respondent filed a Return and Motion for Summary Judgment. (Dkt. Nos. 25, 26.) Petitioner filed a Response in Opposition to the Motion for Summary Judgment on or about January 22, 2015; he also filed a Motion entitled "Prior Bad Acts and Motion to this Court Entering Summary Judgment and Holding Respondent for Contempt." (Dkt. No. 30; Dkt. No. 31.)

1

On June 2, 2015, the Court issued an Order requiring Respondent to file a status report on Petitioner's pending case in the South Carolina Supreme Court. (Dkt. No. 33.) On June 4, 2015, the Court ordered Respondent to supplement the record and, if needed, file a supplemental dispositive motion, which would address the issue of whether Petitioner was "in custody" pursuant to 28 U.S.C. § 2254. (Dkt. No. 37).

On June 26, 2015, Respondent filed a Supplemental Motion for Summary Judgment. (Dkt. No. 42.) In an Order dated July 2, 2015, the undersigned noted as follows:

> In the original Return, Respondent argued that the instant § 2254 petition should be dismissed without prejudice because appellate review of the denial of Petitioner's application for postconviction relief is still pending before the South Carolina Supreme Court. (See Dkt. No. 26; Dkt. No. 26-6.) In Respondent's supplemental filing, Respondent asserts numerous additional reasons that the instant habeas petition should be dismissed. (See generally Dkt. No. 42.)
>
> Petitioner has not yet had the opportunity to respond to Respondent's supplement. Accordingly, the Clerk is directed to amend the docket text to indicate that Respondent's supplemental filing is a Supplemental Motion for Summary Judgment. (Dkt. No. 42.) The Clerk shall then send Petitioner an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner is **specifically WARNED** that if he fails to adequately respond to Respondent's Supplemental Motion for Summary Judgment (Dkt. No. 42), his petition may be dismissed for failure to prosecute and/or comply with the court's orders.
>
> Given the additional briefing required in the instant case, the merits of the pending motions in this case are not ripe for review. Accordingly, the Clerk is directed to remove the pending motions from the docket, without prejudice: Petitioner's Motion for Summary Judgment (Dkt. No. 18); Petitioner's Motion "for the Enforcement/Modification as an Supplemental Injunction by Supportive Affidavit" (Dkt. No. 19); Respondent's Motion for Summary Judgment (Dkt. No. 25); and Petitioner's Motion "Prior Bad Acts and Motion to this Court Entering Judgment for Summary Judgment at Holding Respondent for Contempt" (Dkt. No. 31). Once briefing in the case is complete, the motions will be restored to the active docket.

(Dkt. No. 42 at 2-3.)[1] Petitioner filed a Response to the Supplemental Motion for Summary Judgment on or about August 10, 2015. (See Dkt. No. 56.)

_____

[1] Those motions have since been restored to the active docket.

## **PROCEDURAL HISTORY**

At the time he filed the instant § 2254 petition, Duncan was confined at Allendale Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In December of 2000, the Colleton County Grand Jury indicted Petitioner for first-degree criminal sexual conduct ("CSC") with a minor (2000-GS-15-0726). (Dkt. No. 42-3 at 157-58 of 163.) On December 6, 2000, he pled guilty as charged and was sentenced to fifteen years' imprisonment, suspended upon the service of five years' probation, completion of sexual abuse counseling, and completion of high school. (*Id.* at 160.)

In October of 2001, the Colleton County Grand Jury indicted Petitioner for petit larceny (2001-GS-15-0567) and third-degree burglary (2001-GS-15-0568). (Dkt. No. 42-3 at 155-56 of 163; *see also* Dkt. No. 42-5 at 10 of 48.) Petitioner proceeded to a jury trial before the Honorable Perry M. Buckner on January 27, 2003. (Dkt. No. 42-3 at 3 of 163.) Petitioner was found guilty of third-degree burglary and not guilty of petit larceny. (*Id.* at 138-39.) He was sentenced to five years' imprisonment for burglary and required to pay restitution.[2] (*Id.* at 151-53.) For violating probation, the trial judge revoked seven years of Petitioner's sentence on the 2000 CSC conviction, to be served concurrently with the burglary sentence. (*Id.* at 151-52.) At some point following his release from prison, Petitioner was placed on community supervision.[3]

In July of 2008, Petitioner pled guilty to failing to register as a sex offender (2008-GS-15-0320) and was sentenced to ninety days' imprisonment. (Dkt. No. 42-1 at 19 of 96.) That same day in July of 2008, Petitioner was removed from community supervision and returned to probation (00-GS-15-0726). (Dkt. No. 42-8 at 1.) On November 10, 2008, Petitioner was found to be in violation of his probation (00-GS-15-0726); the judge ordered Petitioner's probation to be continued. (Dkt. No. 42-9 at 1; *see also* Dkt. No. 26-1 at 3-23 of 321.)

---

[2] Unrelated to the claims in his current habeas petition, Petitioner filed a PCR application to collaterally attack the burglary conviction in 2005, but it was dismissed in 2006. (Dkt. No. 42-5 at 1, 40-48 of 48.)

[3] While it is not entirely clear to the undersigned exactly when Petitioner's community supervision began, it is clear that his participation in the program is a result of his 2000 CSC conviction. (Dkt. No. 42-12 at 1 of 3.)

In February of 2009, the Colleton County Grand Jury indicted Petitioner for possession of less than one gram of cocaine base, first offense (2009-GS-15-0031); in December of 2009, Petitioner was indicted for furnishing or possessing contraband in county or municipal prison (2009-GS-15-0640). (Dkt. No. 26-1 at 316-19 of 321.)

Petitioner proceeded to a jury trial before Judge Buckner on January 13-14 of 2010 on the charge of furnishing or possessing contraband in county or municipal prison (2009-GS-15-0640). (*See* Dkt. No. 26-1 at 25-234 of 321.) After the jury trial, Petitioner pled guilty to possession of less than one gram of cocaine base, first offense (2009-GS-15-0031); on that conviction, he was sentenced to time served. (Dkt. No. 26-1 at 235-50 of 321.) Judge Buckner sentenced Petitioner to three years on the conviction for furnishing or possessing contraband in county or municipal prison. (*Id.* at 255-56.)[4]

On June 7, 2010, Petitioner filed an application for post-conviction relief ("PCR") in the Colleton County Court of Common Pleas. (Dkt. No. 26-1 at 266-70 of 321.) In his application, Petitioner set forth the following grounds for relief and supporting facts, quoted verbatim:

> (a) Subject Matters Jurisdiction / vindictiveness.  Supporting facts: Insufficient Indictment / was punish for Exercising Rights.
>
> (b) Ineffective Assistance / Ex-Post Facto.  Supporting facts: Failure to File Direct Appeal / Exceeding & Excessive Probation Sentence.
>
> (c) Due process claim / Double Jeopardy.  Supporting facts: Failing to allow self-representation / Being punish again after completion of maximum sentence.

(*Id.* at 268.) On the application, under questions relating to what convictions formed the basis of the applicant's detention, Petitioner listed his 2009 charges for possession of drugs and possession of contraband and his 2000 charge for CSC with a minor and subsequent probation violations.  (*Id.* at 266-67.)  A hearing was held on September 1, 2011 before the Honorable D. Craig Brown. (*Id.* at

---

[4]It appears that the convictions for furnishing or possessing contraband in county or municipal prison and possession of less than one gram of cocaine base, first offense, were also probation violations. (*See* Dkt. No. 26-1 at 256 of 321.) For the probation violation, Judge Buckner revoked eighteen months of probation. (*Id.* at 256-57; *see also id.* at 310.)

280-308.) In an order filed October 20, 2011, Judge Brown denied the application for post-conviction relief and dismissed the petition. (*Id.* at 309-13.)

Petitioner filed a notice of appeal in the South Carolina Supreme Court on November 18, 2011. (Dkt. No. 26-4 at 1.) Petitioner, through his attorney Robert M. Pachak of the South Carolina Commission on Indigent Defense, filed a *Johnson* Petition for Writ of Certiorari on May 14, 2012. (*See* Dkt. No. 26-5.)[5] Through counsel, Petitioner raised the following issue: "Whether trial counsel was ineffective in failing to file a direct appeal?" (Dkt. No. 26-5 at 3 of 10.) Mr. Pachak also filed a petition to be relieved as counsel. (*Id.* at 9 of 10.)

By order dated April 4, 2014, the South Carolina Supreme Court denied the motion to be relieved as counsel and directed the parties to address the following question:

> Did the post-conviction relief judge err in finding petitioner was not entitled to a belated direct appeal of his conviction for furnishing or possessing contraband in a county or municipal prison?

(Dkt. No. 26-6.) At the time Respondent filed his Supplemental Motion for Summary Judgment, briefing had concluded but the South Carolina Supreme Court had not reached a decision. (*See* Dkt. No. 42 at 16; *see also* Dkt. No. 42-7.) However, based on the Colleton County Fourteenth Judicial Circuit Public Index, it appears the matter was remitted to the lower court on December 21, 2015.[6]

Roughly parallel in time to Petitioner's 2011 PCR action, in October of 2011, the Colleton County Grand Jury indicted Petitioner for failing to register as a sex offender, second offense (2011-GS-15-0689). (Dkt. No. 42-1 at 93-94 of 96.) On January 31, 2012, Petitioner was found guilty as charged, and the Honorable Thomas A. Russo sentenced Petitioner to 366 days of imprisonment. (*Id.* at 95.) Judge Russo also revoked Petitioner's community supervision (00-GS-15-0726) and ordered that Petitioner be in the custody of SCDC for a term of one year (to run concurrent to the sentence for failure to register as a sex offender, second offense (2011-GS-15-0689)). (*See* Dkt. No. 42-10.)

---

[5] *See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

[6] *See* http://publicindex.sccourts.org/colleton/publicindex/; *see also Duncan v. State of S.C.*, No. 2015-MO-068 (S.C. Dec. 2, 2015).

Petitioner, represented by attorney Susan B. Hackett of the South Carolina Commission on Indigent Defense, appealed his conviction for failure to register as a sex offender (second offense) to the South Carolina Court of Appeals.[7] (*See* Dkt. No. 42-2.) In an *Anders*[8] brief filed on December 17, 2013, Petitioner raised the following issue:

> Did the trial court err in failing to direct a verdict of acquittal on the charge of failure to register, second offense because the requirement that Appellant wear a GPS monitor violated the ex post facto clauses of the Constitutions of the United States and South Carolina?

(Dkt. No. 42-2 at 4 of 23.) Ms. Hackett also filed a petition to be relieved as counsel. (*Id*. at 17.) In an unpublished opinion filed on July 23, 2014, the South Carolina Court of Appeals dismissed the appeal and granted counsel's motion to be relieved. (*Id*. at 21-22.) The remittitur was issued on August 8, 2014. (*Id*. at 23.)

On May 19, 2014, Petitioner's community supervision was again revoked for failing to comply with the program's conditions, and Judge Buckner ordered Petitioner to return to SCDC's custody for one year. (Dkt. No. 42-11 at 1.) On June 8, 2015, Judge Mullen found Petitioner to be in violation of the terms of his community supervision program (00-GS-15-0726); she continued Petitioner on community supervision and imposed additional conditions of that supervision. (Dkt. No. 42-13 at 1 of 3.) It appears that Petitioner's community supervision is set to end on November 8, 2016. (Dkt. No. 42-12 at 1 of 3.)

Petitioner filed the instant habeas petition on October 10, 2014, wherein he raised the following grounds for relief (verbatim):

> **Ground One**: Clerical error or Plain error by Procedure
> **Supporting facts**: Had the clerk of Court reviewed the court records they would have seen that the Indictment offense 00 GS 15-00726, sentence on 10/05/12 Is the same support charged offense Indictment 00 GS 15-00726, sentence on 12/06/00 that

[7] The appellate court initially remanded the case to the circuit court because the court reporter was unable to transcribe the bench trial. A reconstruction hearing was held on October 28, 2013 before the Honorable Thomas W. Cooper, Jr., Circuit Court Judge. (Dkt. No. 42-1 at 23-88 of 96.)

[8] *Anders v. California*, 386 U.S. 738 (1967).

Petitioner had already been convicted, sentenced, and successively completed serving time in Prison for, And by which is plainly to see.

**Ground Two**: Expost-facto violation
**Supporting facts**: For Petitioner to have served time already here in Prison on Indictment 00 GS 15-00726 sentenced on 12/06/00 which lead up to a revocation sentence of 7 yrs. for violation of Probation, then for him to be sentence again for the same indictment 00 GS 15-00726 and offense after the completion of maximum time sentence under different sentence guidlines on 10/05/12, have alternated the definition/increased Punishment.

**Ground Three**: Double Jeopardy
**Supporting facts**: By Petitioner Being sentence on the same Indictment 00 GS 15-00726 on 12/06/00 then on 10/05/12 have shown he have been punish twicely for the same offense being its showing a year of 2000 indictment.

**Ground Four**: Subject Matter Jurisdiction
**Supporting facts**: The Court does not have the Authority By equity Jurisdiction to trial you, convict you, and sentence you in Prison for the same indictment on time, and don't again at a later time.

(Dkt. No. 1.)

## APPLICABLE LAW

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" *Id.* (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

7

## DISCUSSION

### A.     Exhaustion

Respondent contends Petitioner's habeas petition should be dismissed without prejudice because Petitioner failed to exhaust his state remedies. (Dkt. No. 42 at 17.) The Court may not grant habeas relief until a petitioner has exhausted all of his available state court remedies.  *See* 28 U.S.C. § 2254(b)-(c).[9] The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority."  *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)).

The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), held that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts."  *Matthews*, 105 F.3d at 911, *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011).  "The burden of proving that a claim has been exhausted lies with the petitioner."  *Id*.  (citations omitted).  The exhaustion doctrine requires that, before a federal court will review any allegations raised by a state prisoner, "state prisoners must give

---

[9] Section 2254 provides, in relevant part,
(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of
    the applicant.
. . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
28 U.S.C. § 2254(b)-(c).

the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

The South Carolina Supreme Court has provided, "[I]n all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error." *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 321 S.C. 563, 564, 471 S.E.2d 454, 454 (1990); *see also State v. McKennedy*, 348 S.C. 270, 277-78, 559 S.E.2d 850, 854 (2002) ("We reiterate the substance of the 1990 order, *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, and hold it effectively places discretionary review by this Court outside of South Carolina's 'ordinary appellate procedure' pursuant to *O'Sullivan*.").

In his Response in Opposition to Respondent's Supplemental Motion for Summary Judgment, Petitioner clarified that he is challenging his 2012 failure to register conviction. (*See* Dkt. No. 56.) With that clarification, the undersigned finds Petitioner exhausted his state remedies because he appealed his 2012 conviction for failure to register to the South Carolina Court of Appeals. Respondent mistakenly construes the claims raised in this habeas petition to be the same claims Petitioner raised in his 2011 PCR action, the appeal of which was pending at the time briefing in the case *sub judice* was completed. While Petitioner raises double jeopardy and ex post facto issues in both actions, Petitioner's habeas petition challenges his 2012 conviction for failure to register, whereas Petitioner's 2011 PCR action challenges his 2009 convictions for possession of contraband and possession of drugs.[10] As to the 2012 conviction for failure to register as a sex offender, Petitioner

---

[10]Petitioner's filings in opposing the original Motion for Summary Judgment further indicate he is challenging his 2012 conviction for failure to register, second offense. (*See* Dkt. No. 30.) Therein, Petitioner points to the documents he filed along with his own Motion for Summary Judgment. (Dkt. No. 30 at 1-2; *see also* Dkt. No. 18; Dkt. No. 18-1.) In his Motion for Summary Judgment, Petitioner refers to a "reconstruction hearing" held on October 25, 2013 and attaches a July 23, 2014 Order of the South Carolina Court of Appeals. (*See* Dkt. No. 18 at 1 of 17; Dkt. No. 18-1 at 13-14 of 15.) Both the "reconstruction hearing" and the July 23, 2014 Order of the South Carolina Court of Appeals pertain to

filed a direct appeal in the South Carolina Court of Appeals by way of an *Anders* brief that was dismissed, and no other state remedy exists. *See O'Sullivan*, 526 U.S. at 845; *In re Exhaustion*, 321 S.C. at 564, 471 S.E.2d at 454. Accordingly, Petitioner has exhausted his state remedies with respect to his 2012 failure to register conviction, and Petitioner's 2011 PCR action has no bearing on whether Petitioner exhausted the claims raised in this habeas petition. Thus, to the extent the Respondent seeks summary judgment because Petitioner has failed to exhaust his state remedies, Respondent's Motion for Summary Judgment should be denied.

**B.**    **Custody Requirement**

Respondent argues that if Petitioner is challenging his 2012 failure to register conviction, the case should be dismissed because Petitioner is no longer "in custody" pursuant to that conviction. (*See* Dkt. No. 42 at 15.) The Court agrees.

Title 28, United States Code Section 2254 provides, *inter alia*,

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person ***in custody*** pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). "The Supreme Court has construed this provision to be jurisdictional and to require that 'the habeas petitioner be "*in custody" under the conviction or sentence under attack* at the time his petition is filed.'" *Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012) (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)) (emphasis added in *Wilson*). The term "in custody" "does not refer just to physical confinement but also to parole served as part of a sentence involving physical confinement." *Wilson*, 689 F.3d at 336 (citing *Jones v. Cunningham*, 371 U.S. 236 (1963)). The Fourth Circuit further explained as follows in *Wilson*:

Despite the limited expansion of the strict historical meaning of "in custody" brought about by *Jones* and later cases, the Supreme Court later cautioned that it had "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the

_____

Petitioner's 2012 conviction for failure to register, second offense.

> sentence imposed for that conviction has fully expired at the time his petition is filed." *Maleng*, 490 U.S. at 491, 109 S.Ct. 1923. *Maleng* recognized that although a petitioner is subject to the "collateral consequences" of a prior conviction, such as a sentencing enhancement in connection with a subsequent offense, he "suffers no present restraint from a conviction" and therefore is not in custody after fully serving his sentence. *Id*. at 492, 109 S.Ct. 1923. As the Court explained, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id*. It observed that a contrary ruling "would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas. This would read the 'in custody' requirement out of the statute . . . . " *Id*.

*Wilson*, 689 F.3d at 336; *see also id*. at 337 ("Not only has the Supreme Court never held that a defendant is in custody for habeas purposes when the sentence imposed for the conviction has *fully* expired at the time his petition is filed, but no court of appeals has so held either." (footnote omitted)). "Once the convict's sentence has expired, . . . some concrete and continuing injury other than the now-ended incarceration or parole–some 'collateral consequence' of the conviction–must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).

On January 31, 2012, Petitioner was sentenced to 366 days of incarceration for his 2012 conviction for failure to register as a sex offender, second offense. (Dkt. No. 42-1 at 95 of 96.) Petitioner has since been released from imprisonment as a result of that conviction, and nothing in the record suggests Petitioner has been subjected to any "collateral consequence" of that conviction. *See Spencer*, 523 U.S. at 7.[11] Additionally, the record shows his original sentence of one year and one day imprisonment has expired. *See Maleng*, 490 U.S. at 491. Therefore, Petitioner is no longer "in custody" for his 2012 conviction as required by § 2254(a) for the Court to entertain Petitioner's habeas petition attacking the 2012 conviction. Accordingly, the undersigned recommends granting Respondent's Supplemental Motion for Summary Judgment (Dkt. No. 42) and dismissing

---

[11]To the extent Petitioner seeks to challenge his 2000 conviction for CSC, such an attempt is time barred. *See* 28 U.S.C. § 2244(d)(1).

Respondent's first Motion for Summary Judgment (Dkt. No. 25) as moot. The undersigned further recommends denying the following motions: (a) Petitioner's Motion for Summary Judgment (Dkt. No. 18); (b) Petitioner's Motion "for the Enforcement/Modification as an Supplemental Injunction by Supporting Affidavit" (Dkt. No. 19); and (c) Motion entitled "Prior Bad Acts and Motion to this Court Entering Summary Judgment and Holding Respondent for Contempt" (Dkt. No. 31).[12]

---

[12]Petitioner's motions pertain to his 2012 conviction for failure to register, second offense, for which Petitioner is no longer in custody.

## CONCLUSION

It is RECOMMENDED, for the foregoing reasons, that Respondent's Supplemental Motion for Summary Judgment (Dkt. No. 42) be GRANTED, and that Respondent's first Motion for Summary Judgment (Dkt. No. 25) be dismissed as moot. The undersigned further RECOMMENDS that the following motions be DENIED: (a) Petitioner's Motion for Summary Judgment (Dkt. No. 18); (b) Petitioner's Motion "for the Enforcement/Modification as an Supplemental Injunction by Supporting Affidavit" (Dkt. No. 19); and (c) Motion entitled "Prior Bad Acts and Motion to this Court Entering Summary Judgment and Holding Respondent for Contempt" (Dkt. No. 31). It is also RECOMMENDED that a certificate of appealability be denied.[13]

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

January 13, 2016
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[13]Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).