IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Duncan,                        )<br>                                      )<br>            Petitioner,              )<br>                                      )<br>vs.                                   )<br>                                      )<br>Warden, Allendale Correctional Institution, )<br>                                      )<br>            Respondent.               )<br>_____) | No.: 2:14-cv-4048-RMG<br><br>**ORDER** |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 60), recommending that the Court grant Respondent's supplemental motion for summary judgment (Dkt. No. 42), dismiss Respondent's first motion for summary judgment as moot (Dkt. No. 25), and deny Petitioner's remaining outstanding motions (Dkt. Nos. 18, 19, 31). For the reasons stated below, the Court **ADOPTS** the R & R as the order of the Court.

Petitioner has a relatively lengthy history of involvement with the state court and prison system dating back to December 6, 2000, when he pled guilty to first-degree criminal sexual conduct with a minor. (Dkt. No. 42-3 at 157–60). He was sentenced to fifteen years' imprisonment, to be suspended upon the service of five years' probation, completion of sexual abuse counseling, and the completion of high school. (Dkt. No. 42-3 at 157–60). Petitioner violated his probation in 2003 when he was found guilty of third-degree burglary, and he was subsequently sentenced to prison. (Dkt. No. 42-3 at 138–39). After his release from prison, Petitioner was placed on community supervision as a result of the 2000 criminal sexual conduct conviction. (Dkt. No. 42-12).

1

In 2008, Petitioner pled guilty to failing to register as a sex offender, was sentenced to ninety days' imprisonment, and was returned to probation. (Dkt. Nos. 42-1 at 19, 42-8 at 1). In January 2010, Petitioner pled guilty to a possession of less than one gram of cocaine base, and a jury found him guilty of furnishing or possessing contraband in a county or municipal prison. (Dkt. No. 26-1 at 25–250). He was sentenced to time served on the possession plea and three years on the conviction for furnishing or possessing contraband in county or municipal prison. (*Id.* at 255–56).

In January 2012, Petitioner was again found guilty of failing to register as a sex offender and was sentenced to 366 days' imprisonment. (Dkt. No. 42-1 at 95). On May 19, 2014, Petitioner's community supervision was revoked for failure to comply with the program's conditions, and he was sentenced to one years' imprisonment. (Dkt. No. 42-11 at 1). And on October 17, 2014, he filed this petition for writ of habeas corpus. (Dkt. No. 1).

Despite its timing, the habeas petition before the Court does not relate to his 2014 imprisonment. Instead, it relates to the one-year sentence he served for his 2012 conviction for failure to register as a sex offender, second offense. (Dkt. No. 42-1 at 95). Because Petitioner is no longer in custody and is not subjected to any collateral consequences (such as probation) for the 2012 conviction, the Court may not entertain his habeas petition. *See Spencer v. Kemna*, 523 U.S. 1, 7–9 (1998).

Having fully consider the R & R, the record, and the relevant legal standards, the Court finds that the Magistrate Judge ably and accurately set forth the legal and factual issues in this matter and correctly concluded that the Respondent's summary judgment motion should be granted. Therefore, the Court **ADOPTS** the R & R (Dkt. No. 21), **GRANTS** Respondent's supplemental motion for summary judgment (Dkt. No. 42), **DISMISSES** Respondent's first

motion for summary judgment as moot (Dkt. No. 25), **DENIES** Petitioner's remaining outstanding motions (Dkt. Nos. 18, 19, 31), and **DISMISSES** the habeas petition.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 9, 2016
Charleston, South Carolina

3